IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAM BENCOMO**

    **Plaintiff,**

                                                               Case No.

v.

**MARK OWEN WOODS,**
**MILE HIGH LOGISTICS, INC.**
**AND FIRST COAST LOGISTICS, INC.**

    **Defendants,**

### NOTICE OF REMOVAL

Defendants, Mark Owen Woods, Mile High Logistics, Inc. and First Coast Logistics, Inc., by and through their attorneys of record, HOLT MYNATT MARTÍNEZ P.C. (Bradley A. Springer), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, provides notice of removal of the civil action styled *Sam Bencomo v. Mark Owen Woods, Mile High Logistics, Inc. and First Coast Logistics, Inc.,* Cause No. D-608-CV-2018-00172, from the Sixth Judicial District Court of Grant County, New Mexico, to the United States District Court for the District of New Mexico. In support of removal, Defendants state the following:

On April 25, 2018, Plaintiff filed his Complaint in Cause No. D-608-CV-2018-00172 in the Sixth Judicial District Court of Grant County, New Mexico. Defendants Mile High Logistics, Inc. and First Coast Logistics, Inc. were purportedly served with process on May 1, 2018. Defendant Mark Owen Woods was served on May 10, 2018.

This Court has original jurisdiction over the matter because there is diversity of citizenship and the amount in controversy more likely than not exceeds $75,000. 28 U.S.C. § 1332. With respect to citizenship, Defendants, Mile High Logistics, Inc. and First Coats Logistics, Inc. are

1

trucking companies with their principal places of business in the State of Florida. Defendant Mark Owen Woods is a truck driver, whose domicile is in the State of Tennessee. Plaintiff is a resident of the State of New Mexico. Accordingly, there is complete diversity between Plaintiff and Defendants. *Id*.

As to the amount in controversy, Plaintiff has alleged the Defendants were reckless in their acts and omissions causing injuries and damages. In particular, Plaintiff alleges Defendant Mark Owen Woods, was reckless in changing lanes and colliding with Plaintiff's vehicle. Similar facts have served as a basis for punitive damages in other jurisdictions. *See e.g. J.B. Hunt Transport Inc. v. Bentley,* 207 Ga. App. 250, 427 S.E. 2d 499, (Ga.Ct. App. 1993), (punitive damages awarded where testimony established driver swerved erratically and failed to slow down in a construction zone).

With respect to Defendants Mile High Logistics, Inc. and First Coast Logistics, Inc. Plaintiff alleges both companies were reckless by failing to equip the semi-truck with adequate mirrors, to allow a safe field of view. Failure to properly service a semi-truck can also be the basis for punitive damages against a trucking company. *See e.g. D'arbonne Construction v. Foster,* 80 Ark. App. 87, 91 S.W. 3d 540 (Ar. Ct. App. 2002).

Based on the alleged recklessness, Plaintiff has pled an unspecified amount of punitive damages, in addition to actual damages, costs, and interest. In New Mexico, reckless conduct is a basis for punitive damages. *See e.g.* UJI 13-1827 NMRA. Moreover, there is no statutory limit on punitive damages, and the amount is left to the discretion of the jury as a measure of punishment for culpable conduct. *See e.g. Vickrey v. Dunivan,* 1955-NMSC-006, 59 N.M. 90, 279 P.2d 853. In the context of economic injury cases, the New Mexico Court of Appeals has noted that the ratio of punitive damages to harm should generally not exceed ten to one. *See e.g. Weidler v. Big J.*

*Enterprises, Inc.* 1998-NMCA-021 ¶48, 124 N.M. 591,953 P.2d 1089. In injury cases, like this one, "the ratio might be much higher." *Id.* Here, Plaintiff's alleged actual damages as of August 9, 2017, including medical billing and lost wages, were $9,041.00. Thus, even at a ratio of less than ten to one, say nine to one, the amount in controversy more likely than not exceeds $75,000 and is, therefore, sufficient for removal purposes. *See e.g. Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012).

Defendants dispute Plaintiff has competed service of process in accord with the New Mexico Rules of Civil Procedure, but, in any event, this notice of removal is timely because it is filed within thirty (30) days after Defendants were purportedly served with the Complaint. 28 U.S.C. § 1446. Defendants also attach hereto, copies of all process, pleadings, filings, and orders that have been served on Defendants in this matter. *Id.*

WHEREFORE, Defendants provide notice that this action is removed to the United States District Court for the District of New Mexico.

Respectfully Submitted,

HOLT MYNATT MARTÍNEZ P.C.

*/s/ Bradley A. Springer*
BRADLEY A. SPRINGER
New Mexico Bar No. 28225
P.O. Box 2699
Las Cruces, NM  88004-2699
(575) 524-8812
*Attorneys for Defendants Mark Owen Woods, Mile High Logistics, Inc., and First Coast Logistics, Inc.*
bas@hmm-law.com

3

## CERTIFICATE OF DELIVERY

    I hereby certify that on this 31st day of May, 2018, I filed the foregoing electronically through the Odyssey File and Serve system, and served the following parties or counsel by electronic means:

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062
*Attorneys for Sam Bencomo*
tomstewart@newmexico.com

 

_____
BRADLEY A. SPRINGER